**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TANYA GONCALVES,

      Plaintiff,

v.                            Case No:  6:15-cv-7-Orl-40GJK

ROBERT CHAMBERLIN, in his
individual capacity, and CARRIE
RAPER,

      Defendants.

_____

## <u>ORDER</u>

This cause comes before the Court on the following:

1.  Defendant, Robert Chamberlin's Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice, or in the Alternative for Summary Judgment, and Incorporated Memorandum of Law in Support (Doc. 35), filed August 7, 2015;

2.  Plaintiff's Memorandum of Law in Opposition of Defendant Robert Chamberlin's Motion to Dismiss Second Amended Complaint (Doc. 36), filed August 18, 2015;

3.  Defendant, Carrie Raper's, Motion to Dismiss Plaintiff's [Second] Amended Complaint (Doc. 43), filed September 16, 2015; and

4.  Plaintiff's Memorandum of Law in Opposition of Defendant Carrie Raper's Motion to Dismiss Second Amended Complaint (Doc. 44), filed October 20, 2015.

Upon consideration, the Court grants both motions and dismisses Plaintiff's Second Amended Complaint with prejudice.

## I.    BACKGROUND[1]

This dispute arises out of events which ultimately led to the arrest of Plaintiff, Tanya Goncalves ("Goncalves").  On April 22, 2011, Defendant, Robert Chamberlin ("Detective Chamberlin"), received a complaint from Defendant, Carrie Raper ("Raper"), who alleged that she had been the victim of road rage by Goncalves.  (Doc. 31, ¶ 10).  Detective Chamberlin did not attempt to locate any witnesses or evidence to corroborate Raper's version of the events or any evidence which may have exonerated Goncalves.  (*Id.* ¶ 12). Nevertheless, Detective Chamberlin obtained a warrant for Goncalves' arrest.  (*Id.* ¶ 13). Goncalves was arrested for kidnapping and burglary of a conveyance with battery, but was never formally charged.  (*Id.* ¶¶ 10, 15).  Goncalves denies that she committed any crime.  (*Id.* ¶ 17).

Goncalves initiated this lawsuit in state court on December 2, 2014, Detective Chamberlin removed, and Goncalves filed her Second Amended Complaint on July 24, 2015.  Goncalves sues Detective Chamberlin and Raper each for one count of unlawful arrest in violation of the Fourth and Fourteenth Amendments.  Goncalves brings her claims through 42 U.S.C. § 1983.  Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[1]    This account of the facts is taken from Plaintiff's Second Amended Complaint (Doc. 31), the allegations of which the Court must accept as true in considering Defendants' motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2]    Detective Chamberlin also invites the Court to convert his motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  The Court finds that conversion is unnecessary to duly resolve the issues in this case.

## II.     STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint.  In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555.  District courts must accept all well-pleaded allegations within the complaint as true. *Id.*  Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III.    DISCUSSION

### A.     Whether Detective Chamberlin is Entitled to Qualified Immunity

Detective Chamberlin moves to dismiss Goncalves' § 1983 claim against him on the grounds that he is entitled to qualified immunity.  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted).  A government

official acts within his discretionary authority when he "perform[s] a legitimate job-related function . . . through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194. To do so, the plaintiff must make a two-part showing. First, the plaintiff must demonstrate that the facts of the case, if proven to be true, would make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007). Second, the plaintiff must demonstrate that the constitutional right was "clearly established" at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232. Because qualified immunity provides a complete defense from suit, "courts should ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013).

Detective Chamberlin shows that he was acting within the scope of his discretionary authority when he investigated a complaint made by Raper alleging that she had been the victim of road rage and applied for a warrant to secure Goncalves' arrest as the perpetrator in that incident. (Doc. 35, pp. 6–9, 20). Goncalves must therefore show that qualified immunity is inappropriate by alleging sufficient factual material to warrant the reasonable inference that Detective Chamberlin violated Goncalves' clearly established constitutional rights.

To that end, the Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

> seizures, shall not be violated, and no Warrants shall issue,
> but upon probable cause, supported by Oath or affirmation,
> and particularly describing the place to be searched, and the
> persons or things to be seized.

U.S. Const. amend. IV.[3]  Included within the Fourth Amendment's guarantees is that all arrests must be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010).

Although a police officer who makes an arrest without probable cause violates the Fourth Amendment, he is nevertheless entitled to qualified immunity if he had "arguable probable cause." *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007). Arguable probable cause requires the court to ask "whether reasonable officers in the same circumstances and possessing the same knowledge as the [Defendant] *could have believed* that probable cause existed to arrest." *Id.* (internal quotation marks omitted). "Whether an officer possesses . . . arguable probable cause depends on the elements of the crime and the operative fact pattern." *Brown*, 608 F.3d at 735.  An officer need not hold proof of every element of a crime to have arguable probable cause; all that is required is the officer's reasonable belief that probable cause could exist to arrest the plaintiff. *Id.*; *Skop*, 485 F.3d at 1137.

---

[3]  The Fourth Amendment's protections are made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Accepting the facts in this case as true and construing those facts in Goncalves' favor, the Court cannot reasonably infer that Detective Chamberlin lacked arguable probable cause to arrest Goncalves.   When considering a Rule 12(b)(6) motion to dismiss, a court ordinarily must "not consider anything beyond the face of the complaint and documents attached thereto." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam).   However, an exception to this rule lies where the plaintiff refers to a document in her complaint, the document is central to her claim, and the contents of the document are undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).   A document is undisputed when no party challenges its authenticity, accuracy, or veracity. *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014); *see also Saunders v. Duke*, 766 F.3d 1262, 1270–71 (11th Cir. 2014) (holding that a district court could not look to a police report in a § 1983 case to resolve a 12(b)(6) motion to dismiss where the plaintiff alleged the report's falsity).

The bare-bones factual allegations contained within Goncalves' Second Amended Complaint claim that Detective Chamberlin received a complaint from Raper identifying Goncalves as the individual who attacked her in a road rage incident.   The complaint Raper submitted[4] states that Raper was sitting in her car while stopped at a four-way intersection when Goncalves ran a stop sign and almost hit her.  (Doc. 15, Ex. B, p. 5). Raper states that she blew her car horn at Goncalves, who then sped around Raper and parked in front of her car at an angle so as to block Raper from moving.  (*Id.*).  Goncalves

---

[4]   The complaint Detective Chamberlin received from Raper is attached to a motion to dismiss Detective Chamberlin filed against Goncalves' First Amended Complaint. Detective Chamberlin incorporates Raper's complaint by reference in his instant motion to dismiss.  (Doc. 35, p. 6).

then exited her car, approached Raper's car, opened the car door, and attempted to remove Raper from her vehicle. (*Id.*).  Because Raper was wearing her seat belt, Goncalves was unable to pull Raper out of the car and Raper was eventually able to close her door. (*Id.*).  Goncalves then returned to her vehicle and left. (*Id.*).  Raper followed Goncalves briefly in order to record her license plate number and a description of the vehicle. (*Id.*).  Afterward, Raper called 911. (*Id.*).  In a supplement to the complaint, Raper identified Goncalves from a photo lineup as the individual who attacked her. (*Id.* at p. 6).  With this information, Detective Chamberlin applied for a warrant and effected the arrest of Goncalves for kidnapping and burglary of a conveyance with battery. (Doc. 31, ¶ 13).

Goncalves does not challenge the authenticity of Raper's complaint or the veracity of the statements made therein.  Instead, Goncalves' only argument is that the information contained within Raper's complaint, along with Detective Chamberlin's failure to investigate further, are not enough to give a reasonable police officer probable cause to believe that Goncalves had committed either kidnapping or burglary of a conveyance with battery.  Specifically, Goncalves alleges that there was no evidence that she confined, restrained, or detained Raper to charge her with kidnapping (*id.* ¶ 23) and no evidence that she entered Raper's vehicle to charge her with burglary (*id.* ¶ 24).

In order to receive qualified immunity, Detective Chamberlain need only demonstrate arguable probable cause to arrest Goncalves for one offense.  *Brown*, 608 F.3d at 735; *Skop*, 485 F.3d at 1138.  In Florida, a person commits burglary by "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense

therein."  Fla. Stat. § 810.02(1)(b)(1) (2011).[5]  Burglary is a first degree felony "if, in the course of committing the offense, the offender . . . [m]akes an assault or battery upon any person."  *Id.* § 810.02(2)(a).  A battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other."  *Id.* § 784.03(1)(a)(1).

A reasonable officer in the same circumstances and with the same knowledge as Detective Chamberlin could have believed that probable cause existed to arrest Goncalves for burglary of a conveyance with battery.  Detective Chamberlin received a complaint from Raper claiming that a woman had opened her car door and attempted to remove her from the car in a fit of road rage.  Raper called 911 immediately following the incident, provided the license plate number and a description of the attacker's vehicle, and positively identified Goncalves as her attacker in a subsequent photo lineup.  Further, Goncalves alleges no facts that call into question the trustworthiness of Raper's complaint.  This information is therefore sufficient to warrant a reasonable police officer to believe that Goncalves entered Raper's car with the intent to harm Raper and, in the course of this conduct, actually and intentionally touched Raper against her will, amounting to burglary of a conveyance with battery under Florida law.

Even if the Court were not to consider the complaint submitted by Raper, Detective Chamberlin would nevertheless be entitled to qualified immunity.  Goncalves' allegations that Detective Chamberlin did not attempt to locate other witnesses or evidence to either confirm Raper's account or exonerate Goncalves are legally insufficient to amount to the absence of arguable probable cause.  *See Lee*, 284 F.3d at 1195 (holding that arguable probable cause "does not require convincing proof").  Goncalves' allegation that Detective

---

[5]   The Court looks to the edition of the statute in effect at the time of Goncalves' arrest.

Chamberlin lacked evidence of the entry element of the burglary offense is similarly not enough.  *See Brown*, 608 F.3d at 735 (holding that arguable probable cause does not require an officer to have proof of every element of a crime).  Without more, Goncalves fails to state the violation of a constitutional right.  Qualified immunity will therefore be granted to Detective Chamberlin and Count I of Goncalves' Second Amended Complaint will be dismissed.

### B.    Whether Raper Acted Under Color of State Law

Raper moves to dismiss Goncalves' § 1983 claim against her on the grounds that she did not act under color of state law.  It is true that an essential element of every § 1983 claim is that the defendant must have acted under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  Although Goncalves is less than clear in her Second Amended Complaint how Raper is a state actor for purposes of § 1983, she reveals in her response to Raper's motion to dismiss that she intends to premise liability on the theory that Raper acted under color of state law because she performed a public function by providing evidence and making a complaint to Detective Chamberlin.  (Doc. 44, p. 3).

A private party engages in a public function sufficient to constitute state action where the private party is given powers or performs duties that are "traditionally the exclusive prerogative of the State."  *Id.* at 1131 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)) (emphasis omitted).  In other words, state action will only be found where the private party is compelled by state law to perform a function associated with the State's sovereignty.  *Flagg Bros.*, 436 U.S. at 164.  Simply because the State is

empowered to perform a function does not mean that a private citizen acts under color of state law by also performing that function.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982).

Indeed, very few activities are *exclusively* reserved for the States, and it is well-settled that investigating, reporting, and supplying information to police regarding alleged criminal activity are not among them.  *See, e.g.*, *Kelly v. Broward Sheriff's Office Dep't of Det.'s*, 560 F. App'x 818, 821 (11th Cir. 2014) (per curiam) (holding that reporting alleged criminal conduct and furnishing evidence to police is not state action); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983."); *White v. Scrivner Corp.*, 594 F.2d 140, 143 (5th Cir. 1979)[6] (holding that private citizens who conducted arrests, searches, and seizures did not engage in public functions).  Because Goncalves' § 1983 claim against Raper bases liability solely on the fact that she investigated and provided evidence to Detective Chamberlin regarding what she believed to be a crime, Goncalves fails to show that Raper acted under color of state law.  As a result, Count II of Goncalves' Second Amended Complaint fails to state a constitutional claim against Raper as a private party and will be dismissed as well.

C.     **Leave to Amend**

As a final matter, the Court must decide whether to grant Goncalves' request for leave to amend her complaint a third time.  It is well-settled that a court should not dismiss a plaintiff's complaint for failing to state a claim without first granting leave to amend.  *E.g.*,

---

[6]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

*Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307–08 (11th Cir. 1983) (per curiam). Nevertheless, a court may dismiss a claim without affording opportunity to amend where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). Amendment becomes futile when the plaintiff "provide[s] no reason for the district court to believe that [s]he could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam).

Here, Goncalves has amended her § 1983 claim against Detective Chamberlin twice already, each time with little to no change in the factual content alleged despite the Court's prior indication that these facts are insufficient to state a claim for unlawful arrest. (Doc. 30). Accordingly, the Court has no reason to believe that Goncalves could state a facially plausible constitutional claim against Detective Chamberlin. Although this is the first opportunity afforded to the Court to examine the § 1983 claim against Raper, allowing Goncalves to amend would be similarly futile. The facts clearly stated by Goncalves over the course of three complaints gives the Court no reason to believe that Raper ever performed a public function or otherwise acted under color of state law sufficient to state a constitutional claim against Raper as a private party. Both claims will therefore be dismissed with prejudice.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant, Robert Chamberlin's Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice (Doc. 35) is **GRANTED**. Count I of Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

2. Defendant, Carrie Raper's, Motion to Dismiss Plaintiff's [Second] Amended Complaint (Doc. 43) is **GRANTED**.  Count II of Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on January 15, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record